IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN REED and ARMESTO EYE ASSOCIATES, LLC, | : | CIVIL ACTION NO. **1:CV-11-1041** |
| | : | (Chief Judge Kane) |
| Plaintiffs | : | |
| | : | (Magistrate Judge Blewitt) |
| v. | : | |
| | : | |
| AETNA HEALTH, INC., | : | |
| | : | |
| Defendant | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

On April 29, 2011, Plaintiffs Jonathan Reed and Armesto Eye Associates, LLC ("AEA"), jointly filed, *pro se*, a Complaint against Defendant Aetna Health, Inc., in Magisterial District Court 09-3-04, Cumberland County, Pennsylvania.[1] In their Complaint, Plaintiffs allege as follows:

> On February 17, 2009, a DSEK corneal transplant procedure was performed on Mr. Jonathan Reed's left eye by Dr. David Armesto of Armesto Eye Associates. The Plaintiffs have billed Aetna Health Inc., the insurance company through which Mr. Reed was insured. The Plaintiffs have appealed denial of payment in their case through a formal appeal process and have been wrongfully refused payment. The surgery was successful. The Plaintiffs request payment in the amount of $2500.00, which amount is fair and reasonable, together with reasonable attorney fees for the frivolous denials.

(Doc. 1, Ex. 1).

---

[1] Defendant notes in its Notice of Removal that Aetna Life Insurance Company ("Aetna") "is a claims administrator for the employer-employee shared cost ERISA plan, which provides Mr. Reed coverage for health benefits and services ... ." (Doc. 1, p. 1, n. 1). Also, we note that Dr. David Armesto signed the Complaint on behalf of Plaintiff AEA.

On May 31, 2011, Defendant Aetna filed a Notice of Removal of this case to federal court. (Doc. 1).[2]

Defendant Aetna states as follows in its Notice of Removal:

2.  Aetna received a copy of the Complaint no earlier than on or about May 2, 2011.  This Notice of Removal is being filed within thirty (30) days (as calculated under applicable law and court rules) of Aetna having received the Complaint.  This removal is, therefore, timely pursuant to 28 U.S.C. § 1446(b).

3.  Venue is properly laid in this district because a substantial part of the events giving rise to Plaintiffs' purported claim allegedly occurred in this district, and Aetna is deemed to reside in this district.  28 U.S.C. § 1391(b).

4.  This matter is removable to this Court pursuant to 28 U.S.C. § 1441(b) and (c).  The Complaint sets forth an alleged claim or cause of action against an employee benefit plan that is subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.  The claim arises, if at all, under the laws of the United States, *i.e.* ERISA.  As such, the claim is within the original jurisdiction conferred on the district courts of the United States by 28 U.S.C. § 1331 (federal question).

5.  More specifically, Plaintiffs challenge Aetna's actions in connection with the administration of Mr. Reed's ERISA health benefits plan and providing health benefits services thereunder.  To the extent Aetna had any relationship with Mr. Reed or owed Mr. Reed any obligations, it was pursuant to, and based on, Mr. Reed's status as a participant in the ERISA health benefits plan.  *See* Exhibit "2" (Summary Plan Description for the Rite Aid Health Fund Medical Plan, a component of the Rite Aid Corporation Master Welfare Benefit Plan, of which Mr. Reed was a member through his employment with Rite Aid).  Indeed, the claim against Aetna is premised on Mr. Reed's alleged entitlement to such benefits and services under the Plan, *i.e.* payment for services of a benefit purportedly provided for in the Plan.  *See* Exhibit "1."

---

[2]Defendant Aetna attached a copy of Plaintiffs' Complaint to its Notice of Removal as Ex. 1, and it attached as Ex. 2 a copy of the Rite Aid Health Fund Medical Plan under which Plaintiff Reed was covered.  Also, Aetna is a claim administrator for the Plan.

>   6.   Plaintiffs' claim falls within the scope of ERISA's civil enforcement provision (Section 502(a), 29 U.S.C. § 1131(a)), which provides the exclusive mechanism for asserting such claims under an ERISA plan. It is removable to this Court pursuant to the complete preemption exception to the well-pleaded complaint rule. *Aetna Health Inc. v. Davila*, 124 S.Ct. 2488 (2004); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987). It is well-settled that the "carefully integrated civil enforcement provisions" in ERISA § 502 were "intended to be exclusive." *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41, 54 (1987) (internal quotation marks omitted). The exclusivity of ERISA remedies is so strong that it permits removal of any purported state-law cause of action that amounts to an alternative mechanism for enforcing a claim to ERISA governed benefits. *See Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 63-64 (1987).

(Doc. 1, pp. 2-4, ¶'s 2.-6.).

On June 6, 2011, Defendant Aetna filed a Motion to Dismiss Plaintiffs' Complaint, and on June 20, 2011, Defendant filed its support brief with exhibits. (Docs. 6 and 7). To date, neither *pro se* Plaintiff has filed an opposition brief.[3]

On June 24, 2011, Plaintiff Reed filed a letter addressed to the Court stating that he "would like to be removed as a Plaintiff in the case ... ." (Doc. 8). Plaintiff Reed also states that AEA "would then be the only Plaintiff in the case.

On June 30, 2011, the Court scheduled a telephonic conference for July 18, 2011 for all parties. (Doc. 9). The Court stated that the conference shall be initiated by the Court, and it directed that on or by July 11, 2011, the *pro se* Plaintiffs shall contact the Court at telephone number 570-207-5740 to provide the telephone numbers at which they may be reached for the conference call. (*Id.*).

---

[3]Plaintiffs' opposition briefs were to have been filed by July 4, 2011.

Case 1:11-cv-01041-YK-TMB   Document 13   Filed 07/22/11   Page 4 of 7

On July 18, 2011, the Court held the telephonic conference with Defendant Aetna and Dr. Armesto on behalf of Plaintiff AEA. Plaintiff Reed, in violation of the Court's Order, failed to provide the Court with his telephone number and the Court was unable to contact Plaintiff Reed at his listed number.

## II. Background.

Initially, we agree with Defendant Aetna that this federal court has jurisdiction over this case in which Plaintiffs allege that Defendant wrongfully denied coverage under Mr. Reed's ERISA health benefits plan for Mr. Reed's claim for a corneal transplant procedure Dr. Armesto preformed on him. *See Hirsh v. Boeing Health and Welfare Benefit Plan*, 719 F.Supp. 2d 508, 512-513 (E.D. Pa. 2010)("ERISA 'permits a person denied benefits under an employee benefit plan to challenge that denial in federal court.'")(citations omitted).

During the July 18, 2011, conference call, neither Defendant Aetna nor Dr. Armesto on behalf of Plaintiff AEA had any objection to the voluntary dismissal of Plaintiff Reed from this case. Further, counsel for Defendant Aetna stated that Plaintiff Reed did not exhaust his administrative appeal process and that only Plaintiff AEA exhausted the administrative appeal process with respect to the instant claim. Thus, we will recommend that the Court issue an Order and dismiss Plaintiff Reed from this case under Fed.R.Civ.P. 41(a)(2).

Also, during the July 18, 2011 conference call, we scheduled a telephonic settlement conference for August 22, 2011 at 2:00 p.m., and we advised Dr. Armesto that if the case does not settle, he will be required to obtain counsel for Plaintiff AEA since a corporation cannot proceed *pro se* in federal court. Because Plaintiff AEA is a corporation, it must be represented by counsel

4

in this action.  *See Colavita v. Ryan*, 2010 WL 2164522, *2(E.D. Pa.) ("It is well-settled law that corporations cannot appear *pro se* in the federal courts.").  Further, "corporations must be represented by counsel in federal court." *Id*.[4]

### III.  Recommendation.

Based on the foregoing, it is respectfully recommended that the Court issue an Order and dismiss Plaintiff Jonathan Reed from this case under Fed.R.Civ.P. 41(a)(2).  It is also recommended that the Court remand this case to the undersigned for further proceedings.

                                 **s/Thomas M. Blewitt**
                                 **THOMAS M. BLEWITT**
                                 **United States Magistrate Judge**

**Dated:   July 22, 2011**

---

[4] By Order dated July 18, 2011, we have scheduled an August 22, 2011 settlement conference. (Doc. 11).  We will direct Dr. Armesto to retain counsel for Plaintiff AEA within 10 days after the settlement conference if the case does not settle.  Also, if the case does not settle, we will direct Plaintiff AEA, through its counsel, to file its opposition brief to the pending Motion to Dismiss of Defendant Aetna. (Doc. 6).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN REED and ARMESTO EYE ASSOCIATES, LLC, | : | CIVIL ACTION NO. **1:CV-11-1041** |
| | : | |
| | : | (Chief Judge Kane) |
| Plaintiffs | : | |
| | : | (Magistrate Judge Blewitt) |
| v. | : | |
| | : | |
| AETNA HEALTH, INC., | : | |
| | : | |
| Defendant | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 22 , 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                            **s/ Thomas M. Blewitt**
                                            **THOMAS M. BLEWITT**
                                            **United States Magistrate Judge**

**Dated: July 22, 2011**